IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ALOYSIUS HUSTON,

                        ORDER

          Petitioner,

                      08-cv-733-bbc

    v.

STATE OF WISCONSIN,
ST. CROIX CO. CIRCUIT COURT,
Judge EDWARD VLACK,
District Att. ERIC JOHNSON,
ST. CROIX CO. POLICE DEPT,
Investigator MICHAEL WAKLING,
ESTREEN & OGLAND ATTORNEYS AT LAW,
AARON NELSON,
WI. STATE PUBLIC DEFENDERS,
KENNETH LUND,
KAREN SMITH and
Appeals Att. KEITH PETERSON,

         Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Michael Huston has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights.  He has not paid the $350 fee for filing this case.  Therefore, I construe petitioner's complaint to include a request for leave to proceed in forma pauperis.  I cannot determine whether petitioner qualifies for indigent status

1

because a question exists whether petitioner is subject to the 1996 Prisoner Litigation Reform Act. If petitioner intends to continue with this lawsuit he will be required to provide additional information regarding his custodial status.

Whether a case is subject to the PLRA is determined at the time the case is filed. In his complaint, petitioner says that he is "out of prison" and the Department of Corrections inmate locator indicates that he is currently under community supervision. Supervision alone does not make a person a "prisoner" for the purpose of the PLRA. Kerr v. Puckett, 138 F.3d 321 (7th Cir. 1998) (convict out on parole is not "person incarcerated or detained in any facility" subject to PLRA). However, if the address petitioner shows on his complaint is a halfway house address, then petitioner was a prisoner detained in a facility and subject to the Act. Witzke v. Femal, 376 F.3d 744 (2004)(halfway house comes within definition of "any jail, prison, or other correctional facility" for purpose of applying PLRA's exhaustion requirement).

At this point, it seems sensible to require petitioner to respond to this order clarifying his custodial status as of December 12, 2008, when he filed his complaint. I am enclosing with this order a blank affidavit of indigency form. He is to complete the form and return it to the court for filing in this case. If petitioner was detained in a halfway house at the time he filed the complaint, he will be required to submit a trust fund account statement for any period of time in the six months before he filed his complaint that he was incarcerated

2

before his release in December 2008. 28 U.S.C. § 1915(a)(2) The six-month period would begin approximately June 13, 2008 and end approximately December 12, 2008.

ORDER

IT IS ORDERED that

1. Petitioner may have until January 17, 2009, in which to advise the court whether he was living in a halfway house at the time he filed his complaint. If he was, then petitioner will owe an initial partial payment of the fee for filing his complaint. If, however, petitioner was not living in a halfway house but was, in fact, on parole or otherwise fully released from his sentence, then he must complete the enclosed form for an affidavit of indigency and return it to the court no later than January 17, 2009, so that this court can determine whether he qualifies for indigent status under the standard applicable to non-prisoners.

2. If petitioner was in a halfway house at the time he filed his complaint, he may have until January 12, 2009, in which to submit a trust fund account statement for any period of time in the six months before he filed his complaint that he was incarcerated before his release in December 2008.

3

3.     If, by January 17, 2009, petitioner fails to respond to this order, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 24th day of December, 2008.

                        BY THE COURT:

                        /s/
                      _____
                      BARBARA B. CRABB
                      District Judge