IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL ALOYSIUS HUSTON,

                    Petitioner,

    v.

STATE OF WISCONSIN,
ST. CROIX CO. CIRCUIT COURT,
Judge EDWARD VLACK,
District Att. ERIC JOHNSON,
ST. CROIX CO. POLICE DEPT,
Investigator MICHAEL WAKLING,
ESTREEN & OGLAND ATTORNEYS AT LAW,
AARON NELSON,
WI. STATE PUBLIC DEFENDERS,
KENNETH LUND, KAREN SMITH and
Appeals Att. KEITH PETERSON,

                    Respondents.

ORDER

08-cv-733-bbc

---

In response to this court's order of December 24, 2008, petitioner has supplied information concerning his custodial status at the time he filed his complaint in an effort to assist the court in determining whether he is subject to the 1996 Prison Litigation Reform Act. In a document titled, "petition and affidavit for leave to proceed *in forma pauperis*," petitioner says that he was released from prison on December 2, 2008 and that he moved in with his sister in Ellsworth, Wisconsin following a stay at the America's Best Inn outside Hudson, Wisconsin. The complaint in this case was signed and postmarked on December 12, 2008. It is clear that petitioner was not in a halfway house or otherwise detained when he filed this lawsuit. Therefore, he is not subject to the Prison Litigation Reform Act.

The standard for determining whether a non-prisoner is financially eligible for indigent status in this court is the following:

- From petitioner's annual gross income, the court subtracts $3400 for each dependent excluding the petitioner.

- If the balance is less than $15,000, the petitioner may proceed without any prepayment of fees and costs.

- If the balance is greater than $15,000 but less than $28,000, the petitioner must prepay half the fees and costs.

- If the balance is greater than $28,000, the petitioner must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, petitioner has no dependents.  He is not employed and has no money in either a checking or savings account.  In addition, he says he is indebted to the State of Wisconsin for "the sex offender registration which they started [him] on in 2005."  From this information, I conclude that petitioner qualifies for indigent status.  He will be allowed to proceed with this action without prepaying any portion of the $350 filing fee.

As soon as the court's calendar permits, petitioner's complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2).  At that time, the court will identify any claims on which petitioner will be allowed to proceed and dismiss the complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  Also, because the "motion for release of presentencing investigation report . . ." and January 7, 2009 letter petitioner submitted with his response appear to relate to the claims in his complaint, I will consider those documents at screening.  Petitioner will be notified promptly when a decision is entered in this case.

ORDER

IT IS ORDERED that petitioner qualifies financially to proceed without prepayment of fees and costs in this action.

Further, IT IS ORDERED that petitioner's complaint is taken under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

Entered this 15th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge