IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL ALOYSIUS HUSTON,

                        Petitioner,

      v.

STATE OF WISCONSIN, ST. CROIX
COUNTY CIRCUIT COURT,
JUDGE EDWARD VLACK, ERIC JOHNSON,
ST. CROIX POLICE DEPARTMENT,
MICHAEL WAKLING, ESTREN & OGLAND
ATTORNEYS AT LAW, AARON NELSON,
WISCONSIN PUBLIC DEFENDERS,
KENNETH LUND, KAREN SMITH,
KEITH PETERSON,

                        Respondents.

ORDER

08-cv-0733

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     This is a proposed civil action for monetary relief brought by petitioner Michael Aloysius Huston, in which he alleges violations of his constitutional rights in connection with his prosecution and conviction for sexual assault of a minor. At the time he filed his complaint, petitioner was not a prisoner, so his complaint is not subject to the 1996 Prison Litigation Reform Act. On January 15, 2009, Magistrate Judge Stephen Crocker found petitioner financially eligible for pauper status under 28 U.S.C. § 1915. Dkt. #9. In the

1

same order, the magistrate judge advised petitioner that as soon as the court's calendar permits, his complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2), to determine whether he had raised any claim that requires prompt dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a respondent who is immune from such relief.  That matter is presently before the court.

Before addressing the merits of petitioner's complaint, however, I note that after he filed his complaint, plaintiff continued to file numerous other documents:  four letters sent between January 7 and January 21, 2009, dkts. ## 6, 8, 10 and 13, a motion for release of a pre-sentencing investigation report and to suspend sex offender treatment, dkt. # 5, a motion requesting release from jail, dkt. #11, and a motion requesting documents and subpoenas. Dkt. #12.  In many of these documents, petitioner reasserts matters already raised in his complaint.  In others, he complains that he has been taken back into custody and is awaiting probation revocation proceedings.  The gravamen of the majority of these documents is that because his underlying conviction is illegal, any revocation of his probation must also be illegal.  Because I am dismissing petitioner's complaint for his failure to state a claim upon which relief may be granted, I am denying as moot petitioner's motions, dkts. ##5, 11 and 12, and ignoring the allegations of wrongdoing with respect to his probation revocation raised in his letters.  (Petitioner does not contend in his letters that

2

he is being denied procedural due process with respect to his revocation, just that the revocation is illegal because his underlying conviction is illegal.  If petitioner were to come to believe his probation revocation proceedings were procedurally defective, he is free to file a separate lawsuit raising that claim.)

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Even affording petitioner's allegations such deference, however, I conclude that his claim that his conviction was obtained unconstitutionally is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) and that his claim that he has been denied access to the courts is legally meritless.

From the allegations of petitioner's complaint and the documents submitted, I draw the following facts.

## ALLEGATIONS OF FACT

On December 7, 2001, petitioner Michael Aloysius Huston was convicted in Wisconsin state court of sexual assault of a child under 13 years of age.  The alleged victim in petitioner's criminal conviction was an eleven year old Wisconsin resident.  Before petitioner was arrested or charged with sexual assault, the circuit court allowed the victim to be taken to the State of Minnesota for a deposition and physical examination without appointing an attorney to accompany her.  A video deposition was conducted of the victim.

3

However, none of the witnesses were placed under oath by an officer of the court and petitioner was not present during the deposition. During the physical exam, the "child was . . . purposefully penetrated by the nurse practioner."

Tami Sue Tilson, the victim's mother, accused petitioner of sexual assault. Iti si petitioner's belief that Ms. Tilson engaged in a scheme to illegally secure welfare and child support payments, but she has never been prosecuted for these alleged crimes. When he decided to prosecute petitioner, respondent Eric Johnson failed to investigate Tilson's fraudulent enterprise and her potential bias or hidden agenda in having petitioner charged with sexual assault. Although the medical report conducted on the victim "clearly said there was no trauma to [the child's] vaginal area," it was not "brought forth."

Respondent Aaron Nelson, petitioner's defense attorney, did not conduct an independent investigation or engage in research for petitioner's defense. He failed to procure an expert witness to testify on petitioner's behalf, object to prejudicial statements made by the district attorney, judge and other witnesses, ask the state's expert witness any questions, or challenge the credibility of two "jail house snitches" who testified against petitioner. On appeal, respondent Keith Peterson, petitioner's new attorney, did not review petitioner's case and filed a no merit brief.

After petitioner's first appeal failed, he sought review in the Wisconsin Supreme Court, which was denied. Petitioner filed a motion for post-conviction relief pursuant to

4

Wis. Stat. § 974.02, which was also denied. Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court, but his petition was denied for his failure to exhaust all his state remedies. On June 11, 2008, petitioner filed a motion to collaterally attack his conviction under Wis. Stat. § 974.06. On December 29, 2008, this motion was denied.

## DISCUSSION

As an initial matter, a complaint alleging a denial of access to the courts must describe an underlying cause of action and how it has been lost or impeded. Christopher v. Harbury, 536 U.S. 403, 415-16 (2002). Petitioner's complaint contains no allegations that he has been unable to present his cause of action before a court. In fact, petitioner's complaint details his extensive efforts to challenge his state court conviction through direct appeal, post-conviction proceedings and a petitioner for a writ of habeas corpus in this court. Instead of pointing to any impediment of his ability to pursue his appeals, petitioner's claim appears to be based on his belief that he has not received the proper judgment from the judges that have reviewed his appeals and petitions. Although his frustration is understandable, it does not amount to a denial of access to the courts. Therefore, petitioner's claim that he has been denied access to the courts will be dismissed for his failure to state a claim on which relief may be granted.

5

As noted earlier, the focus of petitioner's complaint is a challenge to his state court criminal conviction for sexual assault of a minor. As the Supreme Court held in Heck, 512 U.S. at 486-87, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 [petitioner] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254." Although at the pleading stage petitioner is not required to "prove" his factual allegations, a district court must consider whether a judgment in petitioner's favor would imply the invalidity of his conviction. Id. at 487. If it would, the district court must dismiss petitioner's complaint unless the petitioner can demonstrate that the conviction or sentence has already been invalidated. Id.

In this case, petitioner's complaint is exactly the type of collateral attack on a state criminal conviction considered by the Court in Heck. Almost all of petitioner's allegations of fact are directed towards challenging the judgment of the state court. A ruling in petitioner's favor on his claims that the state court improperly considered testimony from the alleged victim without allowing him an opportunity to cross examine her, that an "unauthenticated" video was entered into evidence or that the state court disregarded the

6

potential bias of, a witness, Ms. Tilson, or the "jail house snitches," would necessarily require invalidation of his previous conviction.

In addition, petitioner's claim of ineffective assistance of counsel is a challenge to his conviction. To prove ineffective assistance under Strickland v. Washington, 466 U.S. 668, 687 (1984), petitioner would need to show that counsel's deficient performance prejudiced the final outcome of his original conviction. In other words, if petitioner's counsel had not been ineffective, petitioner would not have been convicted for the underlying state crime. Therefore, a finding in petitioner's favor would necessarily include a finding that the state court's judgment was invalid. Heck prevents a district court from addressing such matters in a civil action for money damages without a prior showing of the invalidity of the judgment.

Based on his complaint, it is evident that petitioner's state court conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. Therefore, petitioner will be denied leave to proceed in forma pauperis because he cannot use § 1983 to challenge his criminal conviction. Because all of petitioner's constitutional claims are related to the underlying state court criminal conviction and Heck bars petitioner's challenge, all his claims against all respondents will be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner Michael Aloysius Huston's request for leave to proceed in forma pauperis is DENIED. Petitioner's claims that respondents violated his constitutional rights because his state court criminal conviction was illegal is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and is therefore DISMISSED without prejudice. Petitioner's claim that respondents denied him access to the courts is DISMISSED because it fails to state a claim upon which relief may be granted.

2. Petitioner's motions requesting release of a pre-sentencing investigation report, termination of sex offender programs, release from St. Croix County jail and documents and subpoenas are DENIED as moot.

3. The clerk of court is directed to close this case.

Entered this 29th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8